Entered on Docket
November 27, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: November 27, 2023

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 23-30499-DM |
| CYRUS ANSARI | ) |
| | ) Chapter 11 |
| | ) Subchapter V |
| Debtor. | ) |

**MEMORANDUM DECISION AFTER CONSIDERING DEBTOR'S RESPONSE TO ORDER TO SHOW CAUSE**

On November 8, 2023, Debtor duly filed a document titled Showing Cause For This Case To Be Given A Chance And Not Be Converted Or Dismissed ("Response") (Dkt. 40) responding to the court's previous Order To Show Cause Re Conversion Or Dismissal (Dkt. 38). Debtor's Response demonstrates that he is still acting *pro se* and has not been able to obtain property insurance on his residence. Debtor's Response posits that he should remain in a Chapter 11 bankruptcy because he believes he will be able to realize a greater value in his property through "Homestead possibilities, and other factors" that would be

-1-

expanded upon in a to-be filed plan. The rest of the Response indicates that the plan would propose a timeline for Debtor to repair and sell the residence over the course of the next year, pending receipt of building permits from the county and other factors.

Having reviewed the entire record and considering that Debtor continues to be unrepresented by counsel, and given the very difficult task of navigating through Chapter 11, the court concludes that there is no reasonable likelihood of the Debtor's successful confirmation of a Chapter 11 Plan of Reorganization. Even conversion to Chapter 7 would no doubt result in a prompt abandonment of Debtor's residence by the trustee. Dismissal is the only realistic outcome here.

Further, this is Debtor's third bankruptcy filed within one year, and no automatic stay went into effect pursuant to 11 U.S.C. § 362(c)(4)(A). That section of the Bankruptcy Code states that a debtor does not benefit from the automatic stay if the case is the third (or higher) bankruptcy he or she has filed within one year. In this situation, a debtor must, within thirty days of filing bankruptcy, ask that the court impose the automatic stay and make a showing that the case was not filed in bad faith. It is too late to request an imposition of the stay in this case.

In light of these realities, any negotiation or consent garnered from Debtor's only creditors to allow him time to repair and sell his heavily storm-damaged residence would be the same inside of bankruptcy as outside of it; outside of bankruptcy Debtor may consider reaching out to either or both of

his lenders regarding any loan modification programs they may offer.

The court cannot discern any reason for this case to languish in Chapter 11, or to convert to Chapter 7. Accordingly, the court will issue an order DISMISSING this case on December 12, 2023. This slight delay is to give Debtor time to consider his non-bankruptcy alternatives.

**END OF MEMORANDUM DECISION**

COURT SERVICE LIST

Cyrus Ansari
P.O. Box 1152
Tiburon, CA 94920

-4-